UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

File Number 1:23-CR-10186-ADB-11

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) |
| v. | ) )  ) |
| RICKQUILLE MCKINNEY | ) ) ) |

### DEFENDANT'S MOTION TO AMEND DETENTION ORDER

NOW COMES THE Defendant, Rickquille McKinney ("McKinney") and hereby requests this Honorable Court, pursuant to 18 U.S.C. sec. 3145(b) to amend his present detention order to consider releasing him prior to trial – but with more *stricter* conditions.[1]

To outline McKinney's alleged offense conduct briefly, McKinney is charged on a RICO indictment – but where his offense conduct makes no allegation of violence – but rather, alleges financial crimes via fraudulent Pandemic Unemployment Assistance ("PUA") claims. The alleged scheme by the government has their calculation of fraud at approximately $543,195.00. Under the *advisory* guidelines, and assuming McKinney has a CHC "1" – as he has no adult record to speak of – he could be exposed to a 21-27 month sentencing guideline range should he be convicted. Of course, McKinney declares his presumptive innocence on the charge stated above.

---

[1] This would include that he be ordered to attend an Intensive Outpatient Program ("IOP") at a facility called: "Relief". Mr. McKinney provides his acceptance letter to the program (exhibit 1) which outlines his pre-assessment interview and being financially qualified to participate. This is a program which calls for his ***in-person attendance five days a week*** (M-F) from 9:00 a.m. to 3:30 p.m. To be sure, this program is not one where McKinney has ever participated (in his past-life) to address his substance addiction to marijuana. This program touts being ***dual*** in nature – designed to address his mental health issues along with managing his addiction. McKinney's present-day treatment thus far has only been mental health counseling – with once a week meetings not designed to provide this dual service – and which was far less intensive than what is proposed here – a 30+ hour a week program. McKinney asks this Court to participate in this dual program which addresses his needs in a singular and focused setting.

1

Due to the non-violent nature of his offense conduct, McKinney has been at liberty since the inception of his detention hearing, where this Court (during said hearing) gave Mr. McKinney a chance at release. Moving forward from that detention hearing, the record is also quite clear as to the amount of additional chances given by the Court to McKinney to be in compliance with ALL COURT ORDERS, and he has been very grateful for the opportunity but did not prove to the Court exactly how grateful. For Mr. McKinney recognizes that he has "fallen down", and with no fingers to point at any direction but inward. McKinney was actively smoking marijuana in violation of Federal Law and equally as significant – in violation of an order by this Court, and thus the reasoning regarding his present detention is sound.[2]

Mr. Mckinney believes that the Court detained him to demonstrate very directly to Mckinney that he does not get to control his destiny while he has active federal indictment lodged against him. He had to learn (the hard way) that it is the Court which has a duty to ensure community safety – and along with that comes conditions for him to follow which are non-negotiable, and cannot be breached – whether you have a substance abuse problem or not. After being held 7 weeks, Mr. McKinney understands fully. His only regret is that he should not have had to been incarcerated first to learn it.

---

[2] Under 18 U.S.C. sec. 3148, a defendant who violates pretrial release conditions is subject to revocation of release and detention. The statute provides that the judicial officer revokes if two findings *inter ala* are made: (1) clear and convincing evidence that the defendant violated a condition; and (2) the defendant is unlikely to abide by any conditions of release. McKinney accepts the clear and convincing evidence of his marijuana smoking. He also appreciates how this looks against the backdrop of his previous violations: (1) a credit-card fraud allegation which he reported to the Court that it was his wife who committed the violation; and (2) missing his weekly counseling appointment where he was rather found at a casino in lieu of that appointment - trying to muster up funds for Christmas gifts for his children. The only mitigating factor is that in neither instance – was an allegation made of gang activity, let alone any sort of violent claim in some other context. To be sure, pre-trial services reported at his initial detention hearing that Mr. McKinney did not appear to pose any risk of danger to the community. The question for present consideration becomes whether this last violation (his marijuana smoking) means that there is no hope for Mr. McKinney in abiding by any future court orders. The undersigned responds that the IOP program – which McKinney seeks participation in - would be that hope.

One positive outcome with his on-going detention is that if McKinney were to be released today, he should most certainly test free of cannabis if he were released. Any future testing where McKinney tests positive for cannabis would therefore **be clear and convincing evidence** that he cannot be trusted – at all – even in the face of him committing 30+ hours of his week towards his sobriety. Not to make any more excuses for Mr. McKinney beyond the ones he has already given this Court, but the undersigned has reviewed McKinney pre-trial services interview, and it was reported that McKinney had been smoking cannabis since the age of 16 years old. McKinney is now 32 years of age – ingesting cannabis for half his life span – and all of his adult life. The only point the undersigned makes with this last commentary is that one can appreciate the difficulties which a person faces after decades of ingesting a substance which they have become dependent upon.[3]

To this end, and where Mr. McKinney is NOW clean, he asks this Court to be released to the previously proffered IOP – "Relief" – to address his cannabis abuse. *See also 18 U.S.C. sec. 3583(d) (3).* The Sentencing Guidelines recommend the imposition of a drug treatment condition "[i]f the court has reason to believe that the defendant is an abuser of narcotics. *See also U.S.S.G. section 5D1.3(d)(4).* McKinney appreciates that he is not sentenced on this matter, but prior to conviction lends to even a stronger argument that such an option should be available over incarceration.

---

[3] In addition, the Court most likely recollects that it has seen *first-hand*, the emotional troubles which Mr. McKinney faces day to day with the stressors of his life. For this Court has seen Mr. McKinney "break-down" right in front of it, and where the Court immediately reacted and ordered McKinney to have weekly counseling sessions. Since that order, he has only missed once session – and since that miss he has never missed again. As a helpful backdrop to his weekly counseling sessions, McKinney reports that these sessions were not designed to address his substance abuse – but rather geared towards general issues surrounding his mental health. For example, McKinney was recently asked by the therapist to watch the movie "Straw" – which the undersigned has also seen – but this movie does not address issues of substance abuse. This is not a criticism on his sessions, but rather to merely point out to the Court which needs his weekly sessions are addressing.

Mr. McKinney also sums up this instant motion by going back to the (perhaps) relatively low sentence which McKinney would be exposed to should he be convicted (21-27 months). He does realize that his sentence is *advisory*, but it is also reasonable to at least suspect that a Court would sentence him within that range – or not too far above or below. McKinney raises this issue which can be buttressed against the fact that he does not have a presently set trial date, and thus may ***in the future*** raise due process concerns. *See United States v. Melendez-Carrion*, 790 F. 2d 984, 1008 (2nd Cir. 1986) (8 months); *See also United States v. Theron*, 782 F. 2d at 1510, 1516-17 (10th Cir. 1986) (4 months). To be sure, Mr. McKinney is NOT alleging he need be released to cure an active due process violation, as he is NOT alleging that his length of incarceration raises any due process concerns presently. He only brings the issue to light if this Court wasn't previously aware of the fact that McKinney's exposure to a lengthy incarceration does not appear relatively high, and simply to keep that thought in mind when considering his instant motion to be released so that he can participate in the IOP. Lastly, and after conference with the government, they have "objected" to Mr. McKinney's release.

                                                RICKQUILLE MCKINNEY
By his Attorney,

**/s/Gordon W. Spencer**
Gordon W. Spencer, Esq.
BBO#630488
166 Valley Street, Bldg. 6M
Providence, RI 02909
October 1, 2025                                      (401) 922-0167

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel of record this 1st day of October, 2025 via electronic transmission.

                    /s/Gordon W. Spencer
                    Gordon W. Spencer